UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANTONIO BIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. CV412-273 |
| | ) |
| DONALD BARROW, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

The 28 U.S.C. § 2254 petition filed in this case is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Antonio Biggins was convicted in state court of family violence aggravated assault, possession of knife during commission of a felony, and two counts of family violence aggravated battery. *Biggins v. State*, 299 Ga. App. 554, 554 (Aug. 5, 2009). He unsuccessfully appealed, *id.*, and 272 days later filed a state habeas petition on May 14, 2010.[1] Doc. 18-1 at 1. That court

---

[1] Calculating timeliness under § 2244(d)(1) requires courts to determine when a petitioner has filed something, and that is complicated when they are imprisoned because they cannot simply walk to a nearby mailbox. Federal courts thus follow the mailbox rule, under which courts credit the start date of something by the date on which the prisoner signs his filing and places it within his prison's mail system. *See French v. Carter*, 828 F. Supp. 2d 1309, 1315-16 (S.D. Ga. 2012). But Georgia follows a hybrid rule, wherein the initial state habeas petition filing date is established by the

denied relief on April 8, 2011.  Doc. 18-3.

On May 23, 2011, Biggins applied to the Georgia Supreme Court for a certificate of probable cause to appeal, doc. 18-4 at 1 (court filing date), but it was dismissed as untimely on September 10, 2012.  Doc. 18-5.  He pursued no other relief other than his 28 U.S.C. § 2254 petition here, which he filed on October 17, 2012.  Doc. 1 at 25 (signature date).  The state now moves to dismiss that petition as untimely.  Doc. 17.

Section 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.  *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).  Hence, sitting on any claim and creating time gaps between proceedings can be fatal.  *See Rivera v. Pollard*, 504 F. App'x 502, 505 (7th Cir. 2013); *Herbert v. Dickhaut*, 695 F.3d 105, 110–11 (1st Cir. 2012).  And "[a]n application that is untimely under state law is not 'properly filed' for purposes of

---

state habeas court clerk's "filing-stamp" date, while appeals from an adverse state habeas ruling are governed by the mailbox rule. *Roberts v. Cooper*, 286 Ga. 657, 660-61 (2010) (mailbox rule did not apply to an initial *pro se* petition for habeas relief but was instead limited to appeals from rulings on habeas petitions); *Lewis v. Howerton*, 2012 WL 4514044 at * 2 n. 3 (N.D. Ga. Sep. 30, 2012) ("the 'mailbox rule' only applies to appeals of denials of habeas corpus petitions, not to the filing of such petitions in the trial court.") (emphasis omitted).  Hence, the May 14, 2010 court-stamp filing date controls here.

2

tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013).

Finally, once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3.

Because Biggins appealed *Biggins* no further, his conviction became final ten days later, August 15, 2009, pursuant to Rules 37 & 38 of the Georgia Court of Appeals and also Rule 38 of the Georgia Supreme Court. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 656 (2012); *Brown v. Chatman*, 2012 WL 5381356 at * 1 n. 2 (S.D. Ga. Sept. 24, 2012). He does not dispute that he then let 272 days elapse before he filed for state habeas relief on May 14, 2010. Doc. 18-1 at 1. When that court denied relief on April 8, 2011, doc. 18-3, Biggins had 30 days -- until May 8, 2011 -- to

3

appeal to the Georgia Supreme Court. *See* O.C.G.A. § 9-14-52(b); *see also Spears v. Danforth*, 2013 WL 1701736 at * 2 (S.D. Ga. Feb. 27, 2013).

But he did not even sign his application for certificate of probable cause to appeal until May 11, 2011. Doc. 8-4 at 45 (signature filing date); *see also supra* n. 1. For that matter, there is a "May 23, 2011" stamp date on the face of that appeal, *id.* at 1, though the state is noticeably silent about this in its motion and brief, docs. 17 & 17-1. Even were the Court to apply "mailbox rule" to Biggins, his three-day miss was fatal: With no properly filed state proceeding pending, the remainder of the 365-day federal clock (following the earlier, 272-day lapse of time) ran out long before he filed his federal habeas petition on October 17, 2012. Doc. 1 at 25.

Biggins invokes equitable tolling. Doc. 24 at 5. He thus must now show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quotes and cite omitted). To that end, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the

4

particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3rd Cir. 2011) (applying *Holland* ). Biggins "bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 2255 motion such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue."  *Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012).

Petitioner has filled many pages of his brief but never gets around the fact that he signed his last appeal three days late.  Doc. 24.  To that end, he moves to expand this Court's record, doc. 21, and in effect asks this Court to order the Georgia Supreme Court clerk to furnish the letter-chain he formed inquiring about his still-born appeal.  Doc. 21 at 1-2.   That motion is **DENIED** as futile, as is his motion for an evidentiary hearing, doc. 22.   Nor has he shown grounds for appointment of counsel, so his motion for one is likewise **DENIED**.  Doc. 20.

The respondent's motion to dismiss (doc. 17) should be **GRANTED** and Biggins' petition should thus be **DISMISSED**.   Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United*

5

*States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 17TH day of June, 2013.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**